IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No. 18-32371 |
| | ) | |
| **CARINA WEGRZYN,** | ) | Chapter 7 |
| | ) | |
| Debtor, | ) | Hon. Pamela S. Hollis |

NOTICE OF MOTION

TO:    See Attached Service List

**PLEASE TAKE NOTICE** that on **October 18, 2019 at 10:00 a.m.** or as soon thereafter as counsel may be heard, we shall appear before the Honorable Pamela S. Hollis, Bankruptcy Judge, or any judge sitting in her stead, in Joliet City Hall, 150 West Jefferson Street, 2nd Floor, Joliet, IL 60432, and shall there present *Trustee's Motion to Approve Sale of Condominium Property Subject to Mortgage and Other Liens, Surcharge Collateral, and Shorten Notice,* a copy of which is attached hereto and is herewith served upon you, and shall pray for the entry of an Order in compliance therewith.

Dated:  October 4, 2019

                    Respectfully submitted,

                    **ZANE L. ZIELINSKI,** not individually but as the chapter 7 trustee of the bankruptcy estate of **CARINA WEGRZYN,**

                    By:   /s/     *Daniel J. Nickel*
                         One of his attorneys

Zane L. Zielinski (6278776)
Daniel J. Nickel, Of Counsel (6278133)
**THE LAW OFFICE OF**
   **ZANE L. ZIELINSKI, P.C.**
6336 North Cicero Avenue, Suite 201
Chicago, Illinois 60646
  d.  773-877-3191 / 773-981-4725
  f.  815-846-8516
  e.  trustee@zanezielinski.com
  e.  daniel@nickellawoffice.com

## CERTIFICATE OF SERVICE

I, Daniel J. Nickel, attorney, state that pursuant to Section II, B, 4 of the Administrative Procedures for the Case Management/Electronic Case Filing System, service of the above referenced *Trustee's Motion to Approve Sale of Condominium Property, Surcharge Collateral, and Shorten Notice,* on all persons identified as Registrants on the appended service list was accomplished through the Court's Electronic Notice for Registrants and that the Motion with Proposed Order (without exhibits) was also served via First Class Mail, on those parties below who are indicated to receive service by mail, by depositing same in the USPS drop box in the lobby at 1 North State Street, Chicago, Illinois, on October 4, 2019. The Motion's Exhibits will be provided upon request to any party requesting the Motion's exhibits.

                                             */s/ Daniel J. Nickel*
                                             Daniel J. Nickel

## SERVICE LIST

**Via Court's Electronic Notice for Registrants**

| | |
|---|---|
| Anamaria F. Rivero, Debtor's counsel | arivero@boundaslaw.com |
| Jack N Zaharopoulos, on behalf of U.S. Bank Trust NA | jackz@rsmalaw.com |
| Patrick S Layng | USTPRegion11.ES.ECF@usdoj.gov |
| Zane Zielinski, Trustee | trustee@zanezielinski.com |

**Via First Class Mail**

Debtor
Carina Wegrzyn
2406 Mayfield Dr
Montgomery, IL 60538-5038

**All Parties with Interest in the Real Estate Described Herein**

| | |
|---|---|
| Counsel for US Bank Trust NA<br>Jack N. Zaharopoulos<br>Randall Miller & Associates<br>120 N. LaSalle St. #1140<br>Chicago, IL 60602<br>Ph: (312) 267-2104 | Rushmore Loan Management<br>15480 Laguna Canyon Rd<br>Ste 100<br>Irvine, CA 92618 |

E.  bankruptcy@rsmalaw.com

| | |
|---|---|
| Cook County Treasurer (Real Estate Taxes)<br>Attn:  Delinquent Property Taxes<br>PO Box 805438<br>Chicago, IL 60680 | Cloister Condominium Association<br>4831 W. 109th<br>Oak Lawn, IL 60453 |

**There are NO PARTIES who have filed Proofs of Claim –
Filing Deadline was July 23, 2019**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Case No. 18-32371 |
| | ) | |
| **CARINA WEGRZYN,** | ) | Chapter 7 |
| | ) | |
| Debtor, | ) | Hon. Pamela S. Hollis |

**TRUSTEE'S MOTION TO APPROVE SALE OF CONDOMINIUM**
**SUBJECT TO MORTGAGE AND OTHER LIENS,**
**SURCHARGE COLLATERAL AND SHORTEN NOTICE**

Zane Zielinski (the "Trustee"), not individually, but as the chapter 7 trustee of the bankruptcy estate of Carina Wegrzyn (the "Debtor"), respectfully requests that the Court enter an order pursuant to section 363(b), (f) and (h) and 506(c) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6004 of the Federal Rules of Bankruptcy Procedure approving the sale contract between the Trustee and Morgan A. Rybolt or his nominee (collectively, the "Buyer") attached hereto as **Exhibit A** (the "Sale Contract"), related to the sale of the property commonly known as 4909 W. 109th Street, Apt 202, Oak Lawn, Illinois, (the "Property") for **$71,250.00** (the "Purchase Price"). In support of this Motion, the Trustee respectfully states as follows:

**PRELIMINARY STATEMENT**

The Property is a residential condominium in Oaklawn, Illinois, the value of which is far below the existing mortgage on the Property, and the anticipated transaction is a short sale. Based on the Trustee's review, the proposed sale price and broker's fees are reasonable. As shown on the draft Settlement Statement, attached hereto as **Exhibit B,** the sale proceeds will be applied at closing to (i) fully satisfy the mortgage lien of $124,600, dated June 30, 20016, initially owed to Bank of America N.A. and subsequently assigned to U.S. Bank Trust NA (the "Mortgage"); (ii) $900 in real estate taxes owed to the Cook County tax authority ("Real Estate Taxes"); and (iii) the condominium association lien for assessments of $3,500 held by Cloisters Condominium Association (the "Condominium Association Lien"). **Exhibit B,** proposed Settlement Statement. With regard to the Mortgage, the mortgagor has entered into an agreement with the loan servicing company,

Rushmore Loan Management LLC ("Rushmore") and other interested parties to accept $55,268.85 as full satisfaction of the Mortgage. **Rushmore has informed the Debtor and Trustee that the financing provided to the Buyer and arrangement to fully satisfy the Mortgage is conditioned upon receiving good funds no later than October 31, 2019.** The sale of the Property will otherwise be free and clear of all other liens and encumbrances.

## JURISDICTION

1. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois.

2. Venue of the above-captioned case (the "Case") and of this motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

## CASE BACKGROUND

4. On November 19, 2018 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division.

5. On November 19, 2018 (the "Appointment Date"), the Trustee became the duly appointed trustee, and the 341 meeting of creditors was conducted on or about December 20, 2018.

6. This Court entered an order on May 28, 2019 approving the Trustee's employment of the real estate brokers, Paul Butler and BK Global Real Estate Services. Doc. No. 24.

## THE REAL ESTATE

7. The Debtor purchased the real estate commonly known as 4909 W. 109th Street, Apt 202, Oak Lawn, Illinois, with pin number, 24-16-409-051-1150 (the "Property").

8. According to the title commitment policy provided by National Title Insurance, the Debtor executed a mortgage on the Property for $124,600 with Bank of America N.A. which was subsequently assigned to U.S. Bank Trust NA. **Exhibit C**, Title

Commitment. Rushmore Loan Management LLC is the Loan Servicing Company which has arranged for the contemplated short sale of the Property.

9. As of the Petition Date and continuing until the time of filing this Motion, the Property has been valued at approximately $75,000, subject to the aforementioned mortgage. Exhibit A, Sale Contract at p. 17, "Transaction Overview."

10. With regard to the Mortgage, the mortgagor has entered into an agreement with Rushmore to accept approximately $55,268.85 as full satisfaction of the Mortgage. **Exhibit D,** Rushmore Letter to Debtor. **This short sale transaction is entirely contingent upon this financing arrangement provided by Rushmore and is time limited, in that Rushmore requires that the closing be consummated and that it receive the $55,268.85 in good funds no later than October 31, 2019.** **Exhibit D,** Rushmore Letter to Debtor.

11. As described in the proposed Title Commitment, the sale proceeds will be applied as follows:

 (a) $55,268.85 in full satisfaction of the Mortgage;

 (b) $900.00 for Cook County Property Taxes;

 (c) $3,500 estimated to pay off the Condominium Association Lien;

 (d) Approximately $4,300 for the commissions of the various parties' brokers' fees, as specifically described in the settlement statement;

 (e) Approximately $3,000 in miscellaneous closing costs and expenses; and

 (f) $5,000 for the chapter 7 trustee's costs and expenses for administration of the bankruptcy estate.

 **Exhibit B**, proposed Settlement Statement.

12. Except for the aforementioned, the Trustee does not know of any other liens or encumbrances on the Property.

13. The Trustee maintains that after the sale of the Property that the Debtor's estate would net funds of approximately $5,000.

3

14. The Trustee believes that the proposed transaction is fair and reasonable, and is in the best interest of the estate, due to the fact that the Property is underwater and its sale is contingent upon outside financing that will also fully satisfy the Mortgage.

## RELIEF REQUESTED

15. Pursuant to 11 U.S.C. §§ 363(b) and (f), the Trustee requests the entry of an order authorizing the Trustee to sell the Property to the Buyer on the terms set forth in the Sale Contract, subject to the aforementioned Mortgage, Real Estate Taxes and Condominium Assessments Lien, the sale being otherwise free and clear of any other encumbrances, liens or interests.

16. At this point, absent agreement by all the parties, the Trustee is proposing to sell the Property, ***surcharge the collateral $5,000***, under section 506(c) of the Bankruptcy Code, and hold said funds for the Trustee's costs and expenses in administering the bankruptcy estate. With regard to the real estate broker's fees and commissions, the Trustee will separately move for this Court's order approving same.

17. The Trustee further requests authority to pay at the time of and from the proceeds of the closing, the following:

(a) $55,268.85 to Rushmore Loan Management LLC, as agent and nominee of the mortgagor, US Bank NA, as provided for in Rushmore's letter, attached as Exhibit D;

(b) any unpaid real estate taxes owed to Cook County up to but not exceeding $1,000;

(c) any amounts owing on Condominium Association Lien, owed to Cloister Condominium Association, up to but not exceeding $4,000;

(d) $1,425 as real estate commission owed to Buyer's Agent, Coldwell Banker Residential;

(e) $1,425 as real estate commission owed to Listing Agent, Parkview Realty Corporation;

(f) $1,425 as real estate commission owed to the Trustee's broker, BK Global;

4

(g) the usual and customary costs of closing the sale, including, but not necessarily limited to title charges, recording charges, transfer tax, survey, water bills, and utility reimbursement;

(h) and $5,000 to the Trustee's estate.

## BASIS FOR APPROVING SALE CONTRACT

18. In determining whether to approve a sale outside the ordinary course of business, various standards have been used, including a business judgment test, a good faith test determining whether the sale is fair and equitable, and a test to assess whether the transaction is in the best interest of the estate. *See, e.g., In re Olde Prairie Block Owner, LLC*, 2011 WL 1692145, *7 (Bankr. N.D. Ill. May 3, 2011); *In re Zeigler*, 320 B.R. 362, 381 (Bankr. N.D. Ill. 2005).

19. The Seventh Circuit has held that such a sale may be approved where the trustee has an "articulated business justification." *In re Schipper*, 933 F.2d 513, 515 (7th Cir. 1991); *see also In re Telesphere Communications, Inc.*, 179 B.R. 544, 552 (Bankr. N.D. Ill. 1999).

20. Moreover, a trustee's business judgment is entitled to substantial deference with respect to the procedures to be used in selling an estate's assets. *Id., In re Integrated Resources, Inc.*, 147 B.R. 650, 656-57 (S.D.N.Y. 1992). The paramount goal in any proposed sale of property of the estate is to maximize the estate. *See, e.g., Corp. Assets, Inc. v. Paloian*, 368 F.3d 761, 765 (7th Cir. 2004) (in a bankruptcy sale, the "governing principle . . . is to secure the highest price for the benefit of the estate and creditors).

21. The Trustee respectfully submits that in the exercise of his business judgment, the Sale Contract is both fair and equitable and in the best interests of the Debtor's estate.

## NOTICE

19. The Trustee has served fourteen (14) days' written notice of this motion, by regular U.S. mail, on all of the aforementioned parties who claim an interest in the Property, or are owed money thereon, all parties who have requested notice and the Debtor. According to the claims register, there are no parties who have filed a proof of claim, and the deadline of July 23, 2019 to file same has passed. Due to the fact that the servicing agent, Rushmore, has **conditioned its financing and full satisfaction of the Mortgage**

5

**upon receipt of good funds by October 31, 2019**, and in order to timely facilitate the sale of the Property, the Trustee requests this court approve the shortened and limited notice.

**Wherefore**, the Trustee respectfully requests that this Court to enter an order:

A. Approving the Trustee's sale of the real estate commonly known as 4909 W. 109th Street, Apt 202, Oak Lawn, Illinois to the Buyer for the Purchase Price, subject to the aforementioned Mortgage, Real Estate Taxes and Condominium Assessments Lien, and otherwise free and clear of all other liens, encumbrances, and interests;

B. Authorizing and approving the Trustee to pay from the sale proceeds from the Property the specific amounts to the parties that are all specifically described in the above paragraph 17, and further, the usual and customary costs of closing the sale, including, but not necessarily limited to title charges, recording charges, transfer tax, survey, water bills, and utility reimbursement;

C. Authorizing and approving the Trustee to surcharge the Real Estate the amount of $5,000 related to the Trustee's expenses and costs in the administration of the bankruptcy estate, to be held by the Trustee free and clear of any secured creditors' claims, payment of the Trustee's attorneys' fees and administrative expenses being subject to further order of the Court;

D. Authorizing the Trustee to execute any documents as may be reasonable and necessary to consummate the sale of the Property to the Buyer, including but not limited to executing a deed transferring the Property to the Buyer on behalf of the Debtor's Estate;

E. Determining the notice given of the Motion to be sufficient, and that no further notice is required; and

F. Granting such other and further relief as this Court deems fair and just;

Dated: October 4, 2019            Respectfully submitted,

       **Zane Zielinski,** not individually but as the chapter 7 trustee of the bankruptcy estate of **CARINA WEGRZYN,**

       By: _/s/ Daniel J. Nickel_
           One of his attorneys

Zane L. Zielinski (6278776)
Daniel J. Nickel, Of Counsel (6278133)
**THE LAW OFFICE OF**
    **ZANE L. ZIELINSKI, P.C.**
6336 North Cicero Avenue, Suite 201
Chicago, Illinois 60646
d.   773-877-3191  /  773-981-4725 (Nickel)
f.   815-846-8516
e.   trustee@zanezielinski.com
e.   daniel@nickellawoffice.com

7